IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
TUSCON DIVISION

| | |
|---|---|
| **BRENDA WELDON, Individually and as Representative of the Estate of GEORGE BARKER** *Plaintiffs* <br><br> v. <br><br> **MACY'S WEST STORES, INC., AND MACY'S RETAIL HOLDINGS** *Defendants* | **CIVIL ACTION NO.** |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, BRENDA WELDON, Individually and as Representative of the Estate of George Barker ("Plaintiffs"), complaining of MACY'S TUCSON MALL ("Defendant"), and would respectfully show this Honorable Court as follows:

### PARTIES

1.  Plaintiff Brenda Weldon, Individually and as legal representative for the Estate of George Barker, may be reached through her attorneys of record, Paranjpe Mahadass Ruemke, LLP at 3701 Kirby Drive, Suite 530, Houston, TX 77098.

2.  Defendant Macy's West Stores, Inc. ("Macy's West") is a corporation organized under the laws of Ohio, with its principal place of business located at 7 West 7th Street, Cincinnati, Ohio, 45202. Macy's West can be served with process through its registered agent, Corporate Creations Network, located at 3260 N Hayden Rd., #210, Scottsdale, Arizona 85251.

3.  Defendant Macy's Retail Holdings, Inc. ("Macy's Retail") is a corporation organized under the laws of New York, with its principal place of business located at 111 Eighth Ave., New York, New York, 10011. Macy's Retail can be served with process through its registered agent, Corporate Creations Network, located at 3260 N Hayden Rd., #210, Scottsdale, Arizona 85251.

## MISNOMER/ALTER EGO

4. In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils", should be pierced to hold such parties properly included in the interest of justice.

## VENUE AND JURISDICTION

5. The subject matter in controversy is within the jurisdictional limits of this Court and is proper pursuant to United States Code Title 28 Section 1332.

6. 5. Venue of this lawsuit is proper in the District Court of Arizona, Tucson Division, pursuant to United States Code Title 28 Section 1391(b)(2).

6. Defendants at all relevant times conducted substantial business in this district. Defendants transact or has transacted its affairs in this district, and Defendants' negligence, upon which this action is founded, injured Plaintiffs in this district.

## FACTS

7. On or about March 11, 2020, Plaintiff, George Barker, visited Macy's Tucson Mall located at 4470 N Oracle Road, Tucson, Arizona 85705 to go shopping at the retail stores.

8. Mr. Barker visited this Macy's Tucson Mall as a business customer and patron.

9. As Mr. Barker was shopping in the mall, he decided to follow other shopping patrons and take the stopped escalator downwards to a lower level of the facility. However, as Mr. Barker began walking down the non-moving escalator stairs, he tripped, and his body was thrown from the top all the way to the bottom of the stairs. Mr. Barker slammed to the ground, breaking his hand and shoulder, and suffering severe injuries requiring extensive medical treatment.

10. There were no signs warning people of the hazardous condition or otherwise providing them notice to not use the stopped escalator.

11. Due to the fall, Mr. Barker suffered devastating injuries to him arm, shoulder and back, which ultimately resulted in considerable treatment, including care to the wounds to prevent infection.

12. Due to the unsafe condition of Defendant's premises, Mr. Barker suffered bodily injuries resulting from the incident. These injuries caused Mr. Barker to sustain damages including past medical bills and pain and suffering.

## CAUSES OF ACTION

## NEGLIGENCE

13. Mr. Barker was an invitee and business patron of Defendants. He received an implied invitation, for a mutual benefit, to enter and be a consumer and patron on Defendants' premises.

14. Defendants are the possessor of the premises.

15. The stopped escalator was a dangerous condition of the premises which posed an unreasonable risk of harm.

16. Defendants knew or reasonably should have known of the danger created by this unreasonably dangerous condition on the premises.

17. Defendants breached its duty of ordinary care by failing to adequately warn Mr. Barker of the condition and failing to make the conditions reasonably safe.

18. The Defendants' breach proximately caused Mr. Barker's injuries and damages.

19. The Defendants, acting through its agents, servants, and/or employees, who were at all times acting within the course and scope of their employment, committed acts and/or omissions that constituted negligence which proximately caused the incident in question:

a. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Mr. Barker, and other invitees, entering the premises;

b. In failing to correct the unreasonably dangerous condition which was created by the presence of the stopped escalator on the premises in question;

c. In failing to warn invitees, including Mr. Barker, of the dangerous conditions of the premises in question;

d. In failing to properly inspect the premises in question to discover the unreasonably dangerous conditions in question;

e. In failing to properly train agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

f. In failing to implement proper policies, rules, and/or procedures to make the premises reasonably safe;

g. In failing to enforce proper policies, rules, and/or procedures to make the premises reasonably safe;

h. In failing to properly train employees how to respond to an emergency incident such as the one forming the basis of this lawsuit;

i. In failing to provide a First Aid kit and/or other appropriate medical equipment for customers and employees to use in case of emergency;

j. In failing to properly supervise employees and adequately staff the facility such that at the time the incident occurred, there was no one working who was adequately trained, prepared, and competent to take appropriate action(s) in response to the incident forming the underlying basis of this suit;

k. In failing to use ordinary care in hiring employees; and

    l.   In failing to take affirmative action to control or avoid increasing the danger from a condition that was at least partially created by the Defendants.

20. Each and all of the above foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused this incident, and Mr. Barker's injuries.

21. Plaintiffs now seek damages for injuries in an amount within the jurisdictional limits of this Court.

## RESPONDEAT SUPERIOR

22. The Defendants are legally responsible to Plaintiffs for the acts and omissions of its employees, agents, servants, and representatives under the legal doctrines of respondeat superior, agency and/or ostensible agency. As a result thereof, the Defendants are vicariously liable for all wrongful and illegal acts, omissions, and conduct of its employees, agents, servants and representatives.

## RES IPSA LOQUITUR

23. The conditions and/or instrumentalities involved in the incident complained of herein were under the management and control of Defendants, and/or its agents, servants, and employees. The character of the event causing Mr. Barker's injuries would not ordinarily occur in the absence of negligence and, under these circumstances, Defendants' negligence must be inferred under the Doctrine of Res Ipsa Loquitur as the doctrine is understood by law.

## CONDITIONS PRECEDENT

24. All conditions precedent to Plaintiffs claims for relief have been performed or have occurred.

## DAMAGES

25. Plaintiffs incorporate Paragraphs 1 through 24 by reference.

26. As a result of the preceding causes of action, Plaintiffs have been damaged in the following manner:

   a. Medical, hospital, and pharmaceutical charges and expenses in the past;

   b. Past and present mental anguish;

   c. Pain and suffering in the past;

   d. Disability and impairment in the past; and,

   e. Disfigurement in the past and present.

27. Based on the above enumerated injuries and damages which were caused by the negligent acts and/ or omissions of Defendants, Plaintiffs plead for actual damages in an amount that the Court deems reasonable under the circumstances, and which exceeds the minimum jurisdictional limits of the Court. Plaintiffs affirmatively plead that they seek monetary relief over $1,000,000.00 at this time. Plaintiffs reserve their right to amend this damage calculation as discovery progresses.

## JURY DEMAND

28. Plaintiffs demand a jury trial and tenders the appropriate fee with this petition.

## PRAYER

29. Plaintiffs request that Defendants be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiffs have judgment against Defendants for actual damages in an amount the Court deems reasonable under the circumstances, which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgement interest, post-judgement interest, costs of court, and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

**Paranjpe Mahadass Ruemke, LLP**

/s/ Jacqueline A. Stump

_____

Jacqueline A. Stump
Texas State Bar: 24110954
Tej Paranjpe
State Bar Number: 24071829
3701 Kirby, Suite 530
Houston, Texas 77098
JStump@pmrlaw.com
TParanjpe@pmrlaw.com
(832) 667.7700 Telephone
(832) 202.2018 Facsimile

For e-service only:
Service@pmrlaw.com
*Counsel for Plaintiff*
